IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 5 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 7:98-cv-00078 |
| | ) | |
| v. | ) | **Memorandum and Order** |
| | ) | |
| KERRY EPPS, | ) | By: Hon. James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

This matter is before the court upon a motion pursuant to 52(b) of the Federal Rules of Criminal Procedure, filed by the defendant, Kerry Epps. By order entered April 27, 2005, the court construed and conditionally filed his motion as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, giving Epps an opportunity to object to the court's construction of his motion. See Epps v. USA, Civil Action No. 7:05-cv-00241. Epps objected, and the court dismissed the civil action, directing the clerk to docket the motion in this criminal case. Upon review of the motion, however, the court concludes that it must be denied.

Kerry complains that his 1999 guilty plea was not knowing and voluntary. He asserts that the parties were under the mistaken impression that on two separate distribution counts in which the related drug amounts totaled more than 50 grams of crack cocaine, Epps would be subject to the statutory mandatory minimum sentence of ten years under 21 U.S.C. §841(b)(A)(iii). Counsel also informed Epps that pleading guilty was the only way to escape the likelihood of an additional sentence enhancement under 21 U.S.C. §851, based on Epps' past criminal record, if he was convicted after a trial. Epps entered the guilty plea, the court sentenced him on May 21, 1999, to 120 months on each count, to run concurrently. Epps did not appeal, nor did he file a

1

motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255, within one year from the date on which his conviction became final. See §2255, ¶6. Epps apparently argues that the misinformation on which he based his decision to plead guilty made that plea invalid and that this court can recognize and fix this "plain error" in 2005. He is mistaken.

Rule 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." This rule does not authorize the district court to alter or amend a criminal judgment already imposed, regardless of plain error. Moreover, this court has no authority to grant a defendant's motion to modify a sentence already imposed unless the motion is based on a retroactive change in the sentencing guidelines. See 18 U.S.C. §3582(c)(2). See also Rule 35, Federal Rules of Criminal Procedure (court can correct or reduce sentence only within seven days from the entry of the judgment, upon motion by the government or upon remand from court of appeals). Epps had an opportunity to raise his "plain error" arguments on direct appeal or in a timely §2255 action. His current motion has no merit.

Based on the foregoing, it is hereby

## ADJUDGED AND ORDERED

that the defendant's motion pursuant to Rule 52(b) shall be and hereby is **DENIED**.

The Clerk is directed to send certified copies of this memorandum opinion and order to the defendant at FCI Raybrook, P. O. Box 9009, Raybrook, NY 12977, and to counsel of record for the government.

ENTER: This 25th day of July, 2005.

/s/ James C. Hurd
Senior United States District Judge

2